UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES WILLIAMS,<br><br>                    Plaintiff,<br><br>        v.<br><br>CUS BELANGER, C/O THOMAS,<br>C/O ANGOTI, SGT WALKER, SGT<br>ERICKSON and SGT MOLTON,<br><br>                    Defendants. | NO:  CV-11-294-RMP<br><br>ORDER DISMISSING COMPLAINT |

By Order filed October 31, 2011, the Court directed Plaintiff, a prisoner at the Special Offender Unit in Monroe, Washington, to amend or voluntarily dismiss his complaint within sixty (60) days.  The Court found that the majority of Plaintiff's allegations failed to state a claim upon which relief may be granted.

Specifically, Plaintiff's allegations of food deprivation against Defendants Thomas, Molton, Angotti, Walker and Erickson were insufficient to state claims upon which relief may be granted. *See e.g. Rodriguez v. Briley*, 403 F.3d 952 (7th

ORDER DISMISSING COMPLAINT -- 1

Cir. 2005) (no Eighth Amendment violation where an inmate was denied meals and showers for refusing to comply with a prison rule); *Talib v. Gilley*, 138 F.3d 211 (5th Cir. 1998) (no Eighth Amendment violation where inmate forfeited his meals because he refused to comply with in-cell feeding measures); *Freeman v. Berge,* 441 F.3d 543, 545 (7th Cir. 2006) (there is "a difference between using food deprivation as a punishment and establishing a reasonable condition to the receipt of food.").   Plaintiff conceded that he had smeared feces on his cell walls and ceiling and had refused to clean it up as a reasonable condition to receiving meals.  Plaintiff admitted he did not fully exhaust the grievance procedure against Defendant Thomas for allegedly refusing him breakfast on February 19, 2011. Furthermore, Plaintiff failed to present facts showing identified Defendants were deliberately indifferent to his serious medical needs.

Plaintiff's only viable claims appeared to be against Defendants Belanger and Thomas.  Plaintiff claimed Defendant Belanger ordered his confinement in a strip cell without adequate protection against the cold in February and March 2011. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (a low cell temperature at night combined with a failure to issue blankets may establish an Eighth Amendment violation). He also asserted a claim of the excessive use of force against Defendant Thomas for allegedly slamming Plaintiff's arms in the cuff port on either February 25, or March 25, 2011.  The court instructed Plaintiff that if he wished to pursue

ORDER DISMISSING COMPLAINT -- 1

these claims he must assert them clearly and concisely, with appropriate dates, in a First Amended Complaint.  Plaintiff did not do so and he has filed nothing further in this action.

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

The first two factors weigh in favor of dismissal. The interest in docket management and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because Defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, Plaintiff has not complied with the Court's directive to amend or voluntarily dismiss.

ORDER DISMISSING COMPLAINT -- 1

As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply. Plaintiff, however, has already had more than two months to submit an amended complaint; and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal.

On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal), *cert. denied*, 488 U.S. 819 (1988)). Accordingly, **IT IS ORDERED** Plaintiff's complaint is **DISMISSED** without prejudice for failure to prosecute.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.  The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 9th day of January 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DISMISSING COMPLAINT -- 1